521 P.2d 1146

In the Matter of the GUARDIANSHIP AND ESTATE of Margarita ARIAS and Michael Arias, minors.

Margarito ARIAS, Appellant,

v.

Estella ABILEZ, guardian, Appellee.

No. 2 CA–CIV 1567.

Court of Appeals of Arizona, Division 2.

May 16, 1974.

Rehearing Denied June 5, 1974.

David M. Ochoa, Casa Grande, for appellant.

J. Lavell Harper, Casa Grande, for appellee.

KRUCKER, Judge.

Margarita Arias and Michael Arias, whose guardianship is the subject of this appeal, are two minor children born out of wedlock. Appellant herein, Margarito Arias, is the natural father and Lydia Marsteller, now deceased, the mother.

Appellant and Lydia Marsteller lived together near Coolidge, Arizona, for approximately seven years. During that time the above-named children were born. Prior to her death, Lydia Marsteller and the two children left appellant and moved to Casa Grande, Arizona. They took up residence with Estella Abilez, Mrs. Marsteller's sister.

Mrs. Marsteller subsequently died. In her will, she appointed her sister, Mrs. Abilez, guardian of her two children.[1] On November 2, 1970, Mrs. Abilez filed a petition for appointment as guardian of the

---

1. Appellant maintains that Mrs. Marsteller's will was never submitted to probate. Whether or not the will was submitted to probate has no bearing on the outcome of this case.

two children. Notice of hearing on the petition was mailed to appellant, but he did not appear to contest the guardianship. Letters of guardianship were issued, and on November 25, 1970, an order was entered appointing Mrs. Abilez guardian of appellant's children.

Thereafter, on September 10, 1973, appellant filed a "Petition for Revocation of Letters of Guardianship and for Appointment of a Successor Guardian." An order to show cause was issued followed by a hearing on September 26, 1973. Appellant's petition was denied, hence this appeal.

The trial court, in its written order of November 6, 1973, specifically found that the best interests of the minor children would be served by their remaining with the present guardian, who was the sister of the deceased and was nominated in the deceased's will as guardian. The court's order recited seven specific reasons why the children should remain with their maternal aunt:

"1. They have been with her [the maternal aunt] during most of their formative years (one is now seven; and one is now four).

2. They are with their step-brothers and sisters in a good family environment.

3. It is undisputed that she (the maternal aunt) provides a good family home and relationship for them.

4. The natural father, Margarito Arias, the petitioner herein, has shown little, if any, interest in them since the death of their mother.

5. He, the petitioner, has contributed almost nothing towards their support during this period of time.

6. He, the petitioner, is admittedly living with a woman who is not his wife. This relationship could be of doubtful duration in the Court's mind, and not conducive to a proper family relationship for the children.

7. It would be a traumatic psychological experience to wrench the children from their present family environment and place them in a home where they, essentially, are completely unfamiliar with either the father or mother figure."

■ Appellant argues that since the natural mother of the children is deceased, he is entitled to custody of the children as opposed to anyone else, unless the party seeking custody of the children shows by clear, convincing evidence that the father is unfit. He relies heavily on Harper v. Tipple, 21 Ariz. 41, 84 P. 1005 (1919). It has long been the law of this State that a natural parent is entitled to custody as against anyone else, in the absence of a showing of unfitness. This ruling is subject to the proviso that parental right to custody can and should be ignored if the best interests of the child demand otherwise. *See,* In re Winn, 48 Ariz. 529, 63 P.2d 198 (1936); Clifford v. Woodford, 83 Ariz. 257, 320 P. 2d 452 (1957); Dickason v. Sturdavan, 50 Ariz. 382, 72 P.2d 584 (1937). These cases are cited and quoted in a recent decision of our court, Gowland v. Martin, 21 Ariz. App. 495, 520 P.2d 1172 (filed April 11, 1974).

■ We have examined the entire record and find that the trial court acted in the best interests of the minor children. The judgment is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.